16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Michael Russell DOWNUM, Husband; Linda Kay Downum, Wife, Appellants,
Jerry HOWLETT, doing business as J & L Construction Company;
Logan Franks, doing business as J & L Construction
Company, Defendants.
 No. 93-1472.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: December 16, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael R. Downum and Linda K. Downum appeal from the district court's order granting summary judgment to the United States in its action to foreclose on the Downums' farm property. The Downums challenge the district court's jurisdiction, arguing the Government did not allow them to exhaust their administrative appeal rights before the Farmers Home Administration (FmHA). We affirm.
 
 
 2
 After the Downums fell behind on their FmHA loan payments, they failed to exercise their options to prevent acceleration or foreclosure. Some seventeen months after the Downums' last opportunity to prevent foreclosure, and four months after the Government initiated this suit, the Downums attempted voluntarily to convey their property to FmHA. The Government denied their offer and advised the Downums' attorney the denial was unappealable. The Downums contend 7 C.F.R. Sec. 1955.10 granted them a right to appeal the denial.
 
 
 3
 We defer to FmHA's interpretation of its own regulation unless it lacks a rational basis. See Missouri Dep't of Social Servs. v. United States Dep't of Educ., 953 F.2d 372, 375 (8th Cir. 1992). FmHA determined the Downums' untimely, informal conveyance offer was not covered by Sec. 1955.10, and the denial of the offer was unappealable. Having carefully reviewed the record and the regulations, we conclude FmHA's interpretation is reasonable. The Downums' offer of voluntary conveyance was contained in a letter, unaccompanied by the form or financial documents Sec. 1955.10 requires. Further, the offer was made eighteen months after the Downums were notified they had only thirty days to offer voluntary conveyance. Under these circumstances, we believe FmHA reasonably declined to apply Sec. 1955.10 to the Downums' offer. Accordingly, we affirm.